IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. |
| BRAD BOULRICE | |

## FACTUAL RESUME

In support of Brad Boulrice's (Boulrice) plea of guilty to the offense in Count One of the Information, Boulrice, the defendant, Belen Olmedo Guerra, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

Title 18, United States Code, Section 641, makes it a crime for anyone to embezzle, steal, or knowingly convert to his use or the use of another any money, property, or thing of value belonging to the United States having an aggregate value of more than $1,000.

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 641, that is, Theft of Public Money, the government must prove each of the following elements beyond a reasonable doubt: [1]

---

[1] Fifth Circuit Pattern Jury Instructions, Criminal Cases, 2019 Edition, No. 2.27

Brad Boulrice
Factual Resume - Page 1

*First:* That the money, property, or thing of value described in the Information belonged to the United States government;

*Second:* That the defendant embezzled, stole, or knowingly converted without authority such money, property, or thing of value of the United States government to the defendant's own use or to the use of another;

*Third:* That the defendant did so knowing the money, property, or thing of value was not his and with intent to deprive the United States government of the use and benefit of the money, property, or thing of value; and

*Third:* That such property then had a value in excess of $1,000.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater, of all such things of value that you find the defendant has embezzled, stolen, or knowingly converted.

It is not necessary to prove that the defendant knew that the United States government owned the property at the time of the wrongful taking.

To "embezzle" means to wrongfully, intentionally take money, property, or thing of value of another after the money, property, or thing of value has lawfully come within the possession or control of the person taking it. [However, the defendant cannot be found guilty if he [she] believes that the property has been abandoned by the government.]

To "steal" or "knowingly convert" means to wrongfully take money, property, or thing of value belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently. Any appreciable change of the location of the

property with the intent to deprive constitutes a stealing whether or not there is an actual removal of it from the owner's premises.

No particular type of movement or carrying away is required to constitute a taking.

## STIPULATED FACTS

1. The defendant, Brad Boulrice (Boulrice), admits and agrees that from on or about October 2, 2018, and continuing to on or about November 18, 2019, in the Abilene Division of the Northern District of Texas, and elsewhere, in a matter within the jurisdiction of an agency of the United States, the United States Department of Justice, defendant **Brad Boulrice (Boulrice)**, being a public official, that is, the Electrical Worker Supervisor, at the Federal Correctional Institution Big Spring (FCI), located in Big Spring, Texas, a correctional facility under contract with a Federal Agency, the Federal Bureau of Prisons (FBOP), and operated by the Management & Training Corporation (MTC), in which persons are held in custody by direction of and pursuant to the contract with the FBOP, United States Department of Justice, did knowingly and willfully embezzle, steal, purloin, and without authority convert to his own use and the use of another, property and a thing of value of the United States, to wit:   a John Deere Gator (Gator), Serial Number W004X2X074245, the same being of a value of more than $1,000, for as the defendant then well knew, he was not entitled to the property and thing of value of the United States.

2. The United States Department of Justice (DOJ) is a department and agency of the United States of America, charged with the responsibility to operate, administer,

and regulate various correctional facilities. As a result, DOJ enters into contracts with various entities for the operation of these correctional facilities. The FCI operated by the MTC Facility is such a correctional facility under the jurisdiction of the DOJ. The United States Department of Justice, Office of the Inspector General (DOJ OIG) is charged with the investigation of all criminal violations on these correctional facilities.

3. Boulrice was a public official, that is, the Electrical Worker Supervisor in the Facilities Department at the FCI, responsible for ongoing development and maintenance programs for the correctional facility, and responsible for work direction and production within this position. Boulrice was also required to supervise and train inmate workers involved in non-supervisory electrical, installation, construction, and maintenance work. As such, Boulrice had specific correctional responsibilities including custodial, supervisory, and disciplinary authority of the prison inmates assigned to the FCI when they were in his care. In addition, in his position, Boulrice was charged with the responsibility of maintaining security of the institution and had a duty to prevent and/or disclose material information regarding illegal activities occurring at the facility, including theft of government property.

4. On October 2, 2018, FCI Federal Garage Foreman Ronnie Landis (Landis) (Retired), a co-conspirator with Boulrice, purchased several tires for the FCI, including six BF Goodrich Rugged All-Terrain LT275/70R18 125R Tires (BF Goodrich Tires).

5. On October 8, 2018, Landis retired from the FCI.

6. On October 20, 2018, Boulrice purchased a John Deere Gator (Gator), Serial Number W004X2X074245, from Landis for $600.00.

7. On February 14, 2019, the FCI received a "past due invoice" from the Firestone Corporate Office showing an outstanding balance for six BF Goodrich Rugged All-Terrain LT275/70R18 125R Tires (BF Goodrich Tires). A preliminary search by the FCI revealed that the six tires were missing from an FCI order of 50 tires, which the FCI had ordered from the Firestone Complete Auto Care (Firestone) in Midland, Texas. An inventory of tires at the FCI showed that the tires were also missing from the FCI.

8. On February 14, 2019, Landis was also contacted by Firestone regarding the outstanding balance for the six tires because he was the person who had initially ordered the tires. Landis instructed Firestone to contact the FCI. Landis also contacted the FCI to tell them he had been contacted by Firestone regarding the outstanding balance.

9. FCI personnel contacted Landis to inquire about the tires. Initially, Landis stated that the tires had not arrived at the FCI. However, Landis later changed his story. He stated that only two of the 50 tires had been received, and that he had put them on an FCI stake bed truck.

10. FCI personnel also received information that General Maintenance Foreman, Coby Landis, son of Ronnie Landis, had new tires mounted on his 2015 Silver Ford F-250 Super Duty Pick-up Truck, VIN 1FT7W2BT4FEC52765, Texas License Plate Number GTW4703. Ostensibly, his father, Ronnie Landis, had given the new tires

to Coby for his birthday, and Coby wanted to sell his old tires to the FCI staff.

11. On February 14, 2019, the case was referred to the Department of Justice, Office of the Inspector General (DOJ OIG), DOJ OIG Special Agents (Collectively, the DOJ OIG Agents) for investigation of possible theft of government property by Boulrice. The investigation revealed that Boulrice converted to his own use or the use of another property of the government.

12. On February 19, 2019, Acting Garage Forman Felix Rodriguez made an inventory of tires purchased for the FCI, and the six BF Goodrich Tires on the purchase invoice were not found at the FCI.

13. On March 19, 2019, FCI Electrician Frank Rodriguez found six BF Goodrich Rugged All-Terrain tires hidden in the FCI electrical supply conex, and reported it to Felix Rodriguez

14. On March 26, 2019, the DOJ OIG Agents located the 2015 Silver Ford F-250 Super Duty Pick-up Truck, bearing Texas License Plate Number GTW4703, registered to Coby Landis. The truck was parked in the FCI parking lot. The DOG OIG Agents observed four BF Goodrich Rugged All-Terrain LT275/70R18 125R Tires mounted on Coby Landis' Pick-up Truck.

15. On March 26, 2019, the DOJ OIG Agents also conducted surveillance at the Boulrice residence in Snyder, Texas. They found a Gator on Boulrice's property.

16. On March 28, 2019, the DOJ OIG Agents were notified that six BF Goodrich Rugged All-Terrain tires were found in the FCI Electrical conex storage

container (conex box), located on the FCI property. The tires were examined, and although they were similar to the missing ones, the tires in the conex box were a size smaller than the ones originally purchased by the FCI.

17. On March 29, 2019, Firestone Service Manager, Midland, Texas, Pedro Hernandez, confirmed to the DOJ OIG Agents that Ronnie Landis had purchased approximately 50 tires from his store. Hernandez explained that the Rugged All-Terrain Tires were a special order because these tires are not a part of the Firestone inventory. Landis told Hernandez that the tires were for FCI buses and police vehicles. Landis went to Midland to pick up the tires.

18. On March 29, 2019, Boulrice went to FCI Facility Manager Kenneth Patrick, and told him that he wanted to clean the electrical conex storage because tires had been stored at the conex by Landis.

19. On April 29, 2019, a DOJ OIG Agent went to the FCI electrical conex storage, and found Rugged All Terrain Tires LT265/70R17. He also went to the Bio-Diesel room to determine where the tires were purchased.

20. On May 1, 2019, Discount Tires Assistant Manager, Midland, Texas, Paul Starr, confirmed to the DOJ OIG Agents that Ronnie Landis purchased six Rugged All Terrain Tires LT265/70R17 from his store on February 15, 2019. A comparison of the tire numbers on the tires purchased from Discount Tires revealed that the Discount Tires were a smaller size than the BF Goodrich Tires that Landis initially ordered.

21. On May 2, 2019, FCI General Foreman Stephen Burnett informed the DOJ OIG Agents of a telephone conversation that he had with Landis. Landis contacted Burnett when Burnett was out of town on a temporary duty assignment. Burnett memorialized the telephone conversation in a memorandum. Landis told Burnett there was talk at the FCI regarding a set of tires, which had been found in a conex box, but were of a different size because an inmate had given Landis the wrong tire size number.

22. On May 15, 2019, the DOJ OIG Agents interviewed Ronnie Landis at his home in Big Spring, Texas. Landis claimed that he wanted to order excess tires for the FCI vehicles, and the BF Goodrich all terrain tires for an FCI truck. He asked inmate workers to provide him the sizes of the tires of other FCI vehicles, and the tire sizes from his personal truck as a guide for him to use when buying the BF Goodrich tires. Subsequently, Landis placed an order for 50 tires from Firestone in Midland, Texas. When he picked up the tires from Firestone, he realized that the BF Goodrich tires were the wrong size for the FCI trucks. Landis claimed that Firestone would not allow him to return nor exchange the tires. He accepted the order and returned to FCI Big Spring with them. Landis acknowledged that he stored 44 of the 50 tires in the FCI Bio-Diesel room, and decided to give six of them to his son, Coby, as a birthday present. Subsequently, he felt bad about giving the tires to his son, so decided to replace the tires. In early February 2019, Landis withdrew $1,800.00 from his personal bank account, and purchased six BF Goodrich Terrain Tires from Discount Tire, Midland, Texas, to replace the ones given to his son. Landis took the second set of tires to the FCI conex box. The interview ended.

Brad Boulrice
Factual Resume - Page 8

23. Later on May 15, 2019, Landis contacted the DOJ OIG Agents and asked them to return to his home for clarification of his earlier statement. He provided a receipt for the tires purchased from Discount Tires. He confirmed that he had given five tires to his son, but kept the sixth one in his home garage. He also told the DOJOIG Agents that he did not place the tires in the electrical conex box, but instead, took the second set of tires to Brad Boulrice in Snyder, Texas. Boulrice then took the tires to FCI and placed them in the conex box.

24. On May 15, 2019, the DOJ OIG Agents interviewed Boulrice regarding the second set of tires. Initially Boulrice claimed that he found the tires in the conex. However, when confronted by the DOJ OIG Agents, Boulrice admitted that he had placed the tires in the conex. Boulrice stated that Landis delivered the tires to his home in Snyder, Texas, and he later took the tires to the FCI, and placed them in the conex. Boulrice stated that the tires were to replace the ones Landis had given to his son, Coby

25. On or about November 8, 2019, DOJ OIG Agents discovered that Landis had also bought a salvaged John Deere Gator (Gator), Serial Number, W004X2X074245, from another FCI employee who had stolen the Gator from FCI Big Spring. Landis stated that he bought the Gator from the other FCI employee for $100.00.

26. On or about November 8, 2019, DOJ OIG Agents recovered the Gator from Boulrice's residence in Snyder, Texas. The salvaged Gator has a value of approximately $2,500.00.

27. On or about November 18, 2019, DOJ OIG Agents recovered the six BF Goodrich Tires, having a value of approximately $1,482.84.

28. The theft of public money by Boulrice resulted in a loss to the United States government in the approximate amount of $1,500.00.

29. The defendant admits and agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. This statement of facts is for the purpose to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this _8th_ day of _July_, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
BRAD BOULRICE
Defendant

_____
PAULINA M. JACOBO
Assistant United States Attorney
Texas State Bar No. 10516700
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  806-472-7351
Facsimile:  806-472-7394
Email:      paulina.jacobo@usdoj.gov

_____
BELEN OLMEDO GUERRA
Attorney for Brad Boulrice
Arizona State Bar No. 029800
Admitted to Practice in NDTX